*1006 OPINION.
Littleton:
Counsel for the petitioner contended at the hearing that in addition to the $5,000 claimed as a deduction by the petitioner in his 1923 income-tax return, he should be allowed a deduction of $10,540 as a loss sustained in 1923 on his investment in the stock of the Oxford Amusement Co. We believe, however, from the. evidence, *1007 that the loss of the investment in the stock was sustained in June, 1922, when the corporation became insolvent and disposed of all of its assets in consideration of the assumption of its liabilities. The evidence shows with respect to the notes of that corporation held by the petitioner, that while this indebtedness was not assumed by the purchasers of the assets, the petitioner entertained hopes, based upon their personal representations that they would endeavor to see that he should at least be partially reimbursed therefor in the event of the successful operation of the theatre by the new corporation.
In 1923, after making inquiry concerning the matter, he ascertained that there was little probability that the total indebtedness of the old corporation to him would be repaid, and charged off $5,000 of the several outstanding notes. Whether the amount charged off represented the total of certain of the notes, or the entire amount of some and a portion of others, is not definitely disclosed by the record. However, the Revenue Act of 1921 permitted a debt to be charged off in part.
We are satisfied from the evidence that petitioner was justified in charging off as worthless in 1923 the amount of.$5,000 and that amount is allowed as a deduction from gross income for that year.
Order of redetermination will Toe entered on 15 days’ notice, under Rule 50.